IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BENNY L. ISOM,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**ANDRE MATEVOUSIAN,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:17-cv-00018 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on January 6, 2017. He is currently incarcerated at United States Penitentiary, Atwater in Atwater, California. In 2002, Petitioner was indicted in the United States District Court for the Middle District of North Carolina on two counts of bank robbery accomplished by means of a handgun, and brandishing a firearm. United States v. Isom, 138 Fed. Appx. 574 (4th Cir. 2005). Petitioner was convicted and on February 4, 2004, and sentenced to fifty-two (52) years of imprisonment. (Pet. at 2.)

Despite several prior attempts to challenge his convictions, Petitioner now claims

1

that he is entitled to relief on the grounds that that the use of a photo line-up by police was not reliable because it did not include a picture of Petitioner. He asserts that he had not previously been detained by law enforcement in 2002, that law enforcement thus did not have a picture of him to use in the line-up, and therefore that witnesses never identified him in the lineup. (Pet. at 5-7.) Accordingly, Petitioner argues that he is factually innocent of the convictions. (Id.)

**I.  Screening the Petition**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. Jurisdiction

A federal court may not entertain an action over which it has no jurisdiction. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and sentence under § 2241, arguing that the use of the line-up resulted in his wrongful conviction. (See Pet.) Because Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence, § 2255's exclusive remedy rule bars the present petition, unless the savings clause applies.

### A. Application of The Savings Clause

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit further held that relief pursuant to § 2241 is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is inadequate or ineffective. Ivy, 328 F.3d at 1057. As discussed in more detail below, Petitioner fails to meet either of these requirements.

### B. Actual Innocence

Petitioner asserts that he is actually innocent based on the fact that law enforcement did not have a photograph of him and therefore could not have included a photograph of him in the lineup from which several witnesses identified him. (Pet. at 5-6.)

Petitioner fails to meet the first condition for applying the § 2255 savings clause because his claims are not proper claims of "actual innocence."

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th

Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Petitioner's case of actual innocence is weak. During trial, Petitioner challenged whether the photographic line-up was unduly suggestive. After being convicted, he appealed the issue the Fourth Circuit Court of Appeals. It provided the following analysis:

C.   Photo Line-up

> "We review legal conclusions involved in the district court's suppression determination *de novo* but review factual findings underlying the legal conclusions subject to the clearly erroneous standard." United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992) (citing United States v. Ramapuram, 632 F.2d 1149, 1155 (4th Cir. 1980)).
>
> When called upon to review the admissibility of challenged identification testimony, we undertake a bipartite analysis. First, the appellant "must prove that the identification procedure was impermissibly suggestive. Once this threshold is crossed, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994) (citations omitted). If the court concludes that the identification procedure was not impermissibly suggestive, then we will go no further. Harker v. Maryland, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive). If, however, we find that the identification was impermissibly suggestive, we will then determine whether, under the totality of the circumstances, "there is 'a very substantial likelihood of irreparable misidentification.'" Manson v. Brathwaite, 432 U.S. 98, 116, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977) (quoting Simmons v. United States, 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968)).
>
> In deciding on the admissibility of the photo line-up, the district court stated:
>
>> It occurs to me, from looking at these photographs, that it is a series of photographs of individuals perhaps somewhat close in age, it is a picture of six members of the black race, it is a picture of - five of the individuals have very short hair, one - not the Defendant - has longer hair. Four of the pictures seem to be looking essentially at the camera, that's number two, three, four, and five, of which the Defendant is a member. If it could be argued that the Defendant is not looking at the camera, but is looking slightly away from it, then he would join the group of one and six. So, he is either four out of six who are looking at the camera, or he is three out of six who are looking slightly away from the camera. Nothing suggestive about that, as has not been argued by

5

> the Defendant.
>
> The only thing that is suggestive here is the tilt of the head that makes this unduly suggestive. Number five is pointed up, and has his head tilted a slight bit, and number four is a picture taken of an individual from approximately the same point of view and front of the individual as is number two. He doesn't have - number four does not have his head tilted back, and number three may have a slight tilt, but I won't find that.
>
> It occurs to me that what is set forth in these pictures is not sufficient to make this picture unduly suggestive. Two of the individuals have T-shirts on, three of the individuals have shirts, one of the individuals has a sweatjacket, sweatshirt with a hook for it. Each of the individuals has at least some facial hair, unless it is number six, and he probably does not from looking at this photograph. The Court finds from the review of this initial outlay of six photographs that there is nothing so unduly suggestive about the Defendant as to prejudice his rights to a fair photo identification.

(J.A. at 78-79.)

> Cross-examination of the photo identification witnesses exposed any possible flaws to the attention of the jury. The weight and trustworthiness of the identification testimony was properly left to the jury. For these reasons, we hold that the district court committed no reversible error in admitting the photo array or the in-court identification testimony.

United States v. Isom, 138 Fed. Appx. at 581-582.

Petitioner's current claims that his photograph was not on the line-up contradicts the evidence and findings of the trial and appellate court. The trial judge personally determined that Petitioner's photo was in the line-up. Petitioner's new contrary theory up is not credible or convincing.  Petitioner has provided no reason why this argument could not have presented earlier, such as during his original appeal. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013).

Petitioner has not presented sufficient factual support to establish a cognizable claim of actual innocence for the purposes of qualifying to bring a § 2241 motion under the savings clause.

**C.    Unobstructed Procedural Opportunity**

The Court turns to whether the Petitioner has had "any opportunity" to seek relief from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If so, then he cannot show that § 2255 is either inadequate or ineffective.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. In fact, Petitioner exhausted the procedural opportunities to which he is legally entitled long ago. Petitioner sought direct review of his conviction, which was denied on July 5, 2005. See United States v. Isom, 138 Fed. Appx. 574. The Court is unaware of any further filings from Petitioner.

Petitioner has not shown why he could not attempt to pursue this claim by way of a § 2255 motion. While a § 2255 motion filed by Petitioner may be procedurally barred as untimely, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Accordingly, Petitioner did not lack unobstructed procedural opportunity but instead was afforded an appropriate opportunity to present his claims under § 2255.

Petitioner cannot prove his actual innocence of the charge in question or that he failed to receive an unobstructed opportunity under § 2255. For these reasons, Petitioner has failed to show that his § 2255 remedy is inadequate or ineffective in order to invoke the savings clause. The Court recommends that the petition be dismissed.

**III.    Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: January 29, 2017          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE